JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTIN HOWARD,<br><br>       Plaintiff,<br><br>       v.<br><br>RIVERSIDE COUNTY SHERIFF DEPARTMENT, et al.,<br><br>       Defendants. | Case No. ED CV 21-2006 SB (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE**<br><br>FRCP 41(a) and (b) |

   The Court dismisses Plaintiff's action without prejudice based on Plaintiff's: (a) request for voluntary dismissal; and (b) failure to properly plead a plausible cause of action after several attempts.

\* \* \*

   1.   This is a <u>pro se</u> civil action by an individual convicted of assaulting a peace officer.[1] In a series of proposed civil complaints, Plaintiff claims that Riverside sheriff's deputies used excessive force to arrest him

---

   [1] According to a police report that Plaintiff attached to a filing, after a car chase with local officers, Plaintiff "backed his vehicle up, crushing victim deputy # 1 between his door and his vehicle." Dkt. No. 12, at 5.

(allegedly shooting at him 23 times) and conspired to make false statements about his conduct to force his guilty plea. Dkt. Nos. 1, 5, 10.

2. Because Plaintiff sought in forma pauperis status with this Court, Magistrate Judge Wilner screened the original complaint and two later iterations pursuant to 28 U.S.C. § 1915(e)(2). Dkt. Nos. 4, 7, 11. Judge Wilner declined to authorize Plaintiff to serve any of the three complaints on any of the named defendants based on a variety of defects with Plaintiff's pleadings. These included:

    a. Failing to name the individual(s) who allegedly shot at Plaintiff. Dkt. No. 4, at 2.

    b. Relying on federal criminal statutes for a civil cause of action. Id.

    c. Improperly alleging supervisory liability for senior Sheriff's Department personnel with an inadequate factual predicate. Dkt. No. 7, at 1–2.

    d. Cursory, inconsistent, and implausible factual pleading of alleged constitutional injury. Id. at 3; Dkt. No. 11, at 2.

    e. As to the claims of falsification of evidence / testimony that led to Plaintiff's guilty plea, Plaintiff's civil cause of action was Heck-barred by his criminal conviction. Dkt. No. 11, at 1.

3. After reviewing the third version of Plaintiff's complaint, Judge Wilner noted that Plaintiff's meager filings "strongly suggest that he cannot properly advance this legal action." Nevertheless, "in the interests of fairness to a self-represented, prison-based litigant," Judge Wilner allowed Plaintiff an additional opportunity to attempt to amend his complaint to state a legitimate cause of action. The magistrate judge's order informed

1 Plaintiff that the failure to file an amended complaint that complied with the
2 screening orders would lead to dismissal of the action under Federal Rule of
3 Civil Procedure 41. Judge Wilner also offered Plaintiff the opportunity to
4 "voluntarily dismiss the entire action with no further consequence if he
5 believes that he is unable to satisfactorily litigate this matter in federal
6 court. Id. at 2–3 (citing Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d
7 884, 892 (9th Cir. 2019)).

      4. Plaintiff filed a declaration (on a superior court form) with several attachments by the deadline imposed in Judge Wilner's last screening order. Dkt. No. 12. The declaration cryptically states:

> I am respectfully seeking third amendment complaint to be, administratively filed closed, to resolve critical errors with attorney counsel following <u>administrative</u> review to be conduced once closed to be matter present.

Id. (emphasis in original). Plaintiff attached an administrative complaint (apparently submitted to the California Attorney General's office, id. at 2) regarding the underlying incident, plus various police records and orders from this Court.

      5. Notably, Plaintiff's recent submission was neither in the form of a civil complaint nor did it allege any plausible civil cause of action against any party. To date, no defendant has been served with any version of Plaintiff's civil complaints.

\* \* \*

      6. Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails "to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629–30 (1962).

7. Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

\* \* \*

8. A fair reading of Plaintiff's recent filing strongly implies that he wishes to voluntarily dismiss this action. Plaintiff's submission—filed in response to the magistrate judge's observation that he could dismiss the action—twice states that he wishes his action / complaint to be "closed." Dkt. No. 12, at 1. Further, by submitting a copy of his administrative "complaint about peace officers," id. at 2, Plaintiff appears to wish to abandon litigating in federal district court in favor of pursuing alternative relief for his grievance.

9. Although Plaintiff's submission is not the model of grammatical clarity, the substance and timing of the submission show that Plaintiff wishes to voluntarily dismiss this case without prejudice. Under Rule 41(a)(1)(A)(i), he is entitled to do so (without a court order) before any defendant responds to his claims. Plaintiff's dismissal request will be granted.

10. Even if Plaintiff's filing were not a request for dismissal, Rule 41(b) would nonetheless mandate dismissal of the action. Plaintiff has had four opportunities to plead a plausible, understandable, and facially legitimate cause of action. He has failed to do so, even with the assistance of several detailed orders from the magistrate judge that explained the obvious

legal defects with his pleadings. Plaintiff's most recent filing, if not a voluntary dismissal, did not even attempt to assert a claim in the manner of a civil complaint. Plaintiff's inability to comply with the orders of the magistrate judge demonstrates that he has no interest in advancing the action here.

11. By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given that Plaintiff failed to file a recognizable fourth version of his complaint, which effectively shows that he has abandoned this case. Furthermore, because Plaintiff is a pro se litigant who did not comply with the magistrate judge's previous orders, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440. The Court concludes that dismissal is appropriate under Rule 41(b). Applied Underwriters, 913 F.3d at 892.

12. The Court, in abundance of caution in light of Plaintiff's pro se status and the fact that he appears to be voluntarily dismissing this case, DISMISSES this action without prejudice.

IT IS SO ORDERED.

Dated: June 3, 2022

HON. STANLEY BLUMENFELD, JR.
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE